(115 So. 293)

## McDONALD v. W. C. MAYHALL & SON.
### (6 Div. 238.)

Court of Appeals of Alabama.   Jan. 31, 1928.

J. D. Acuff and Still Hunter, both of Jasper, for appellant.

R. A. Cooner, of Jasper, for appellee.

Brief did not reach the Reporter.

BRICKEN, P. J.   The so-called contract involved in this case is in words and figures as follows:

"Haleyville, Ala. 10—31—24.   Order No. W. Oct.   Bo't of W. C. Mayhall & Son, immediate delivery destination inspection 30 days, net cash upon inspection & delivery, standard RR specifications (3) three carloads No. 3 W. O. cross-ties size 6″X8″X8′ f. o. b.   Haleyville ship to Railroad & Car Supply Co., Harvey, Ill. at once price 75¢ each.  Hal P. McDonald.  Oakman."

The contract was written by the defendant, and should be construed most strongly against him.

We take this to be an order for crossties, with directions for shipment, and a promise to pay for them 30 days after inspection and delivery. The evidence tends to show that the ties were inspected by the defendant at Haleyville; that he supervised the loading of the ties at that place. If this be true, then the plaintiff was entitled to recover.

The "inspection and delivery" referred to in the order, in our opinion, relates or refers to an inspection by the defendant and a delivery by the plaintiff; if, then, the plaintiff loaded the ties in railroad cars at Haleyville, consigned to the party named in the order, and these ties were inspected by the defendant shortly prior to loading, then this was an inspection and delivery within the terms of the contract.

While no witness testified that the ties loaded were No. 3 ties, one witness says, "All of these met the specifications; I have had four years' experience in handling crossties." There is other evidence to the effect that only such ties were loaded as were inspected by the defendant personally and marked for loading by him. For these reasons, the general affirmative charge requested in writing by the defendant was properly refused.

Plea 5 found no support in the evidence, in view of the construction we have placed upon the contract, and for that reason charge 2 requested by the plaintiff was properly given.

Under the contract, it is manifest that the defendant was entitled to inspect the ties before becoming liable for the contract price. We are therefore of the opinion that the burden was on the plaintiff to either show an inspection or a waiver by acceptance of the ties after opportunity for inspection. Charge D, given at the request of the plaintiff, misplaced the burden of proof, and the giving of said charge to the jury was error.

The judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.